IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01968-CMA-BNB

BYRON P. MOORE,

     Plaintiff,

vs.

United Parcel Service, Inc.,

     Defendant.

---

### STIPULATED PROTECTIVE ORDER

---

Under Rule 26(c), FED. R. CIV. P., upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential personnel or commercial information and information that will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, IT IS ORDERED:

1.     This Stipulated Protective Order shall apply to all documents, materials and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, depositions and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2.      As used in this Stipulated Protective Order, "document" is defined as provided in Rule 34(a), FED. R. CIV. P.  A draft or non-identical copy is a separate document within the meaning of this term.

3.      Confidential documents, materials, and information (collectively, the "Confidential Information") shall not be disclosed or used for any purpose except the preparation and trial of this case.  The duty to keep confidential information confidential survives the completion of this case.

4.      Information designated "Confidential" shall be information that is confidential and implicates common law and statutory privacy interests; concerns private financial, employment or medical information of Plaintiff Byron P. Moore ("Plaintiff"); or confidential business information about Defendant United Parcel Service. ("UPS" or "Defendant"), Defendant's affiliates or subsidiaries, current or former employees and agents, trade secrets or other confidential research, or marketing, development or commercial information of Defendant.  As a condition of designating documents for confidential treatment, the documents must be reviewed by a lawyer *or the pro se plaintiff* and a good faith determination must be made that the documents are entitled to protection.

5.      A party designating documents as Confidential Information may do so by marking such material with the legend "Confidential."

6.      Whenever a deposition involves the disclosure of Confidential Information, the deposition or portions thereof shall be designated as "Confidential" and shall be subject to the provisions of this Protective Order.  Such designation

shall be made on the record during the deposition whenever possible, but a party

may designate portions of depositions as Confidential after transcription, provided

written notice is promptly given to all counsel of record within thirty (30) days after

notice by the court reporter of the completion of the transcript.

7.      ~~The parties recognize but do not necessarily agree that Confidential Information may include, but is not limited to, sensitive and non-public information and records concerning compensation, employee duties and performance, employee discipline and promotions, personnel decisions and other documents related to the Plaintiff's employment with Defendant, and Defendant's general business practices, financial matters, information regarding client/customer relationships, and technical, strategic or other proprietary business information.~~  Confidential Information shall

not, without the consent of the party producing it or further Order of the Court, be

disclosed *except that* such information may be disclosed to:

       a.      attorneys actively working on this case;

       b.      persons regularly employed or associated with the attorneys

             actively working on the case whose assistance is required by

             said attorneys in the preparation of the case, at trial, or at

             other proceedings in this case;

       c.      the parties, including Plaintiff and Defendant and Defendant's

             Board of Directors, officers, managers, and any designated

             advisory witnesses who are directly assisting said attorneys in

             the preparation of this case;

    d.    expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

    e.    the Court, jurors and/or court staff in any proceeding herein;

    f.    stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

    g.    deponents, witnesses or potential witnesses;  and

    h.    other persons by written agreement of the parties.

8.    In no event shall a person or entity that is a competitor (direct or indirect) of Defendant, ~~or who may be involved in any charge or claim against the Defendant~~, be allowed to view or receive any information designated by Defendant as Confidential, absent Defendant's written consent or Order of the Court.

9.    Before the parties or their counsel may disclose any Confidential Information to any persons contemplated by paragraph 7 of this Stipulated Protective Order (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), such person shall be provided with a copy of the Stipulated Protective Order and shall be advised that he or she shall be bound by its provisions. In the event any counsel of record *or the pro se plaintiff* determines that persons other than those provided for in Paragraph 7 above have a need to review any Confidential Information, written authorization of the party who produced the Confidential Information must be obtained in advance of such disclosure.  Should the party who

produced the Confidential Information refuse such authorization, counsel may apply *or the pro se plaintiff*

to the Court for authorization.

10.     A party may object to the designation of particular Confidential

Information by giving written notice to the party that designated the disputed

information and all other parties to the civil action.  The written notice shall identify

the information to which the objection is made.  If the parties cannot resolve the

objection within ten (10) business days after the time the notice is received, it shall

be the obligation of the party designating the information as Confidential Information

to file an appropriate motion requesting that the Court determine whether the

disputed information should be subject to the terms of this Stipulated Protective

Order.  If such a motion is timely filed, the disputed information shall be treated as

Confidential Information under the terms of this Stipulated Protective Order until the

Court rules on the motion.  If the designating party fails to file such a motion within

the prescribed period, the disputed information shall lose its designation as

Confidential Information and shall not thereafter be treated as Confidential

Information in accordance with this Stipulated Protective Order.  In connection with a

motion filed under this provision, the party designating the information as

Confidential Information shall bear the burden of establishing that good cause exists

for the disputed information to be treated as Confidential Information.

11.     At the conclusion of this case, unless other arrangements are agreed

upon, each document and all copies thereof which have been designated as

Confidential Information shall be destroyed or preserved by counsel in a manner

which is fully consistent with the terms of this Protective Order.  At the end of the litigation (including any appeals), counsel will not be required to return the material.

The parties shall have the right to seek modification of this Order from the Court upon showing of good cause.

Dated: _October 24, 2011_ .


By the Court:

~~U.S. District Judge~~

**BOYD N. BOLAND**
**United States Magistrate Judge**

So Stipulated:

 s/Byron P. Moore                          
Byron P. Moore
16199 Green Valley Ranch
Apt. 1912
Denver, CO 80239
(720) 277-9609

*PRO SE* PLAINTIFF

s/Judith A. Biggs                          
Judith A. Biggs
HOLLAND & HART LLP
One Boulder Plaza
1800 Broadway, Suite 300
Boulder, CO  80302
Telephone: (303) 473-2700
Facsimile: (303) 473-2720
Email: jbiggs@hollandhart.com

Joseph Neguse
HOLLAND AND HART LLP
555 Seventeenth Street, Suite 3200
Post Office Box 8749
Denver, CO  80201-8749
Phone:  (303) 295-8443
Fax:  (720) 545-2089
jneguse@hollandhart.com

ATTORNEYS FOR DEFENDANT

5239522_1.DOCX